UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

14-mc-91194-RWZ

CAPITAL VENTURES INTERNATIONAL

v.

JPMORGAN CHASE & CO.

ORDER

October 1, 2014

ZOBEL, D.J.

Plaintiff Capital Ventures International ("CVI") moves to compel non-party

JPMorgan Chase & Co. ("JPMC") to produce documents in response to a subpoena

under Fed. R. Civ. P. 45.[1]  The motion relates to an underlying litigation, Capital

Ventures International v. J.P. Morgan Mortgage Acquisition Corp. et al., Case No. 1:12-

cv-10085-RWZ, in which CVI has asserted claims against several defendants under the

Massachusetts Uniform Securities Act for alleged misrepresentations contained in the

written offering materials for certain residential mortgage-backed securities.  CVI

purchased certificates in those securities from defendants in 2006 and 2007; JPMC

acquired defendants in June 2008.

CVI seeks production in response to the following requests:

• All transcripts, including exhibits, and video testimony by Your employees

---

[1] The motion was initially brought in the United States District Court for the Southern District of New York, in Capital Ventures International v. JPMorgan Chase & Co., Case No. 1:14-mc-00175-P1. The motion was transferred to this court on July 3, 2014, and assigned to me on July 14, 2014.

and former employees provided in any legal action filed in the United States or in connection with an investigation commenced by any congressional body, regulatory agency, law enforcement agency, or other governmental agency or person relating to Your origination, acquisition, underwriting, re-underwriting, securitization, or sale of residential mortgage loans or residential mortgage-backed securities.

- All written statements, including affidavits, declarations, or other statements by Your employees and former employees provided in any legal action filed in the United States or in connection with an investigation commenced by any congressional body, regulatory agency, law enforcement agency, or other governmental agency or person relating to Your origination, acquisition, underwriting, re-underwriting, securitization, or sale of residential mortgage loans or residential mortgage-backed securities.

- All documents, including communications between or among You and any Originator or Originators, relating to any investigation or litigation involving any Originator and arising out of the origination of residential mortgage loans.

- All documents relating to the securitization of residential mortgage loans that were already delinquent or in default and whether such loans were ever subject to any repurchase requests ....

- All documents relating to any repurchase, indemnification, "make-whole" or other requests, inquiries, or demands that You made on any residential mortgage loans You securitized ....

- All documents relating to whether underwriting or due diligence was adequately completed prior to Your origination, acquisition, closing, sale or securitization of residential mortgage loans ....

- All documents relating to the destruction or purging of any quality control, audits, due diligence, analyses, reports, inquiries, or other reviews performed in connection with residential mortgage loans or residential mortgage-backed securities ....

Andersen Declaration (Docket # 3) at Ex. 4, Request Nos. 1, 2, 8, 11, 12, 13, and 16.

JPMC argues that CVI has not shown the relevance of such documents and that

the requests are overbroad and unduly burdensome. In particular, JPMC notes that

2

CVI's requests are untethered to the securities or offerings at issue in the underlying litigation and that JPMC was itself unaffiliated with defendants during the time period in which the subject securities were structured and sold to CVI. CVI counters that JPMC, as the parent company of defendants, is likely to possess relevant high-level documents relating to defendants' residential mortgage-backed securities practices or reflecting organizational analyses of defendants' business, particularly in light of the 2008 acquisition.

Despite CVI's characterization of its requests as narrow, I find that the actual requests, as currently written, are overbroad. While JPMC might in fact possess discovery relevant to CVI's claims, the requests appear to demand much more than contemplated by the scope of Fed. R. Civ. P. 26, including documents and information about proceedings, transactions, communications, and securitizations seemingly unconnected to the present litigation.[2]

CVI's motion to compel (Docket # 1) is DENIED.


October 1, 2014                                      /s/Rya W. Zobel
        DATE                                           RYA W. ZOBEL
                                    UNITED STATES DISTRICT JUDGE

---

[2] JPMC has also indicated that it does not possess any documents responsive to CVI's first two requests.